Breck E. Milde (State Bar No.122437)
bmilde@terra-law.com
Andrew J. Ditlevsen (State Bar No. 284911)
aditlevsen@terra-law.com
TERRA LAW LLP
177 Park Avenue, Third Floor
San Jose, CA 95113
Telephone: (408) 299-1200
Facsimile: (408) 998-4895

Attorneys for Plaintiff
Randolph John T. Hellyer

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

LYNN ANN SIMON,

    Debtor.

---

RANDOLPH JOHN T. HELLYER, as executor to the estate of Toshie Hellyer,

    Plaintiff,

vs.

LYNN ANN SIMON,

    Defendant.

Case No. 12-52118-CN

Chapter 7

Adv. Proc No. 12-05132

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Date: April 25, 2013
Time: 2:00 p.m.
Room: 3070
Judge: Hon. Charles Novack

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS ...................................................................................................1

III. ARGUMENT ........................................................................................................................3

    A. Hellyer is Entitled to Summary Judgment ..................................................................3

    B. Collateral Estoppel May be Applied in This Adversary to Determine
       Nondischargeability of Debt .........................................................................................3

    C. Summary Judgment is Appropriate Because the Previous Order Entered by
       the Probate Court Precludes Relitigation of Whether Simon's Actions,
       Which Inflicted Injury Giving Rise to the Debt, Were "Willful and Malicious"
       Under 11 U.S.C §523(a)(6) ..........................................................................................4

       1. The issue sought to be precluded is identical ........................................................5

       2. The issue has been actually litigated and necessarily decided ..............................6

       3. The prior judgment is final and Simon was a party to the probate proceeding ....9

    D. Application of the Principles of Collateral Estoppel to the Case at Bar Furthers the
       Public Policy Considerations Underlying the Doctrine and is Sound Judicial Policy ....10

IV. CONCLUSION ..................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Bank of California v. Opie,*
    663 F. 2d 977 (9th Cir. 1981)....................................................................................3

*Britton v. Price*
    950 F.2d 602 (9th Cir. BAP 1991)..............................................................................8

*Estate of Young*
    160 Cal.App.4th 62 (2008)......................................................................................4, 8

*Fremont Indem. Co. v. Fremont General Corp.*
    148 Cal. App. 4th 97 (2007)........................................................................................6

*Friedman v. Renz*
    31 Cal.App.2d 71 (1939).........................................................................................6, 8

*In re Baldwin*
    249 F. 3d at 920..............................................................................................3, 8, 10

*In re Black*
    BAP NV-12-1122-DJUKI, 2013 WL 646377, *7 (9th Cir. 2013).................................4

*In re Butcher*
    200 B.R. 675 (Bankr. C.D. Cal. 1996).........................................................................5

*In re Green*
    198 B.R. at 566...........................................................................................................3, 9

*In re Harmon*
    250 F.3d 1240 (9th Cir. 2001)...........................................................................3, 5, 6, 7

*In re Jercich*
    238 F.3d at 1209.............................................................................................................4

*In re Moore*
    186 B.R. 962 (Bankr. N.D. Cal. 1995).........................................................................4

*In re Su*
    290 F.3d 1140 (9th Cir. 2002)......................................................................................4

*In re Williams' Estate*
    36 Cal. 2d 289 (1950)................................................................................................3, 6

*Kawaauhau v. Geiger*
    523 U.S. 57 (1998).........................................................................................................5

*Lucido v. Superior Court*
    51 Cal. 3d 335 (1990)...........................................................................................3, 4, 10

*Lumpkin v. Jordan*
    49 Cal.App.4th 1223 (1996).........................................................................................9

*Matter of Ormsby*
  591 F.3d 1199 (9th Cir. 2010) ................................................................................4

*Partow v. Turner (In re Partow)*
  2009 WL 7751420, at *6 (BAP 9th Cir. 2009) .......................................................4

*People v. Sims*
  32 Cal.3d 468 (1982) ..........................................................................................6, 9

*Petralia v. Jercich (In re Jercich)*
  238 F.3d 1202 (9th Cir. 2001) ...............................................................................4

*Producers Dairy Delivery Co. v. Sentry Ins. Co.*
  41 Cal.3d 903, 226 Cal.Rptr. 558 (1986) ..............................................................9

## STATUTES

11 U.S.C. §523(a) .................................................................1, 3, 4, 5, 6, 8, 9, 10, 11

11 U.S.C. §523(a)(6) ..........................................................................................1, 8

11 U.S.C. §523(a)(2)(A) .........................................................................................5

28 U.S.C. §1738 .....................................................................................................3

Civil Code §3336 .................................................................................................6, 8

Code of Civil Procedure §577 ................................................................................9

Probate Code §§20-80 ............................................................................................8

Probate Code §800 .................................................................................................4

Probate Code §850(a)(2)(D) ...................................................................................8

Probate Code §859 ....................................................................................7, 8, 9, 10

## RULES

Cal. Ct. R. 8.104(a)(1) ............................................................................................9

Fed. R. Civ. P. 56(a) ...............................................................................................3

## I. INTRODUCTION

Plaintiff Randolph John T. Hellyer, as executor to the Estate of Toshie Hellyer ("Hellyer"), hereby moves the Court for summary judgment on his claim for nondischargeability of debt pursuant to 11 U.S.C. section 523(a)(6) against defendant Lynn Ann Simon ("Simon"). Based on entry of a judgment in the Superior Court of the State of California, County of Santa Clara, Probate Department (the "Probate Court"), *In re Estate of Toshie Hellyer,* Case No. 1-09-PR-165186, Simon is collaterally estopped from relitigating the facts supporting said judgment. As discussed further below, because the judgment established each element required to determine her debt nondischargeable under 11 U.S.C. §523(a)(6), summary judgment should be entered in this action in favor of Hellyer.

## II. STATEMENT OF FACTS

At all times relevant herein, Simon operated a bail bond business under the fictitious business name "Zig Zag Bail Bonds" ("Zig Zag"). On certain occasions, Hellyer utilized Zig Zag's services. Toshie Hellyer, Hellyer's mother, executed three separate deeds of trust encumbering her real property commonly known as 1850 Findley Drive, Milpitas, California (the "Property") to secure bonds provided for Hellyer. (See Request for Judicial Notice in Support of Motion for Summary Judgment ("RJN"), ¶¶6-8, Exhs. F-H). Prior to her death in 2004, Toshie Hellyer repaid in full all debts secured by the three separate deeds of trust. (Declaration of Randolph T. Hellyer in Support of Motion for Summary Judgment ("Hellyer Decl."), ¶5; RJN, Exh. A, ¶13).

In 2007, Simon, along with others, caused commencement of foreclosure proceedings against the Property under an extinguished deed of trust originally executed by Toshie Hellyer in 2003. (See RJN ¶1, Exh. A; RJN ¶¶11-17; RJN ¶¶8-11, Exhs. H-K). Hellyer was never provided notice of this sale, even though he was the executor of Toshie Hellyer's estate and legal owner of the Property. (Hellyer Decl., ¶3; RJN Exh. A., ¶14). Instead, notice was only sent to Toshie Hellyer whom Simon knew had passed away some three years prior. (See RJN ¶1, Exh. A, ¶14). At the time the Property was sold at nonjudicial foreclosure for $300,100, it had an approximate value of $700,000 (this value is evidenced by the fact that the Probate Court awarded damages against Simon amounting to twice the Property's value ($1.4 million) and then subtracted the

amount of the sale price for a total damage award of $1,099,900). (*See* RJN ¶3, Exh. C; RJN ¶13, Exh. M; Declaration of Thomas Rossmeissl in Support of Motion for Summary Judgment ("Rossmeissl Decl."), ¶3; Hellyer Decl., ¶4).

As a result of Simon's unlawful, bad faith foreclosure, Hellyer was rendered homeless, deprived of use of his real property and was permanently deprived of personal property within the home. (Hellyer Decl., ¶6.)

Subsequent to the sale, Hellyer's previous counsel filed on his behalf a "Petition for Order to Marshall Assets; Determine and Convey Title in Certain Property; and for Instructions." (RJN, ¶1, Exh. A) In his petition, Hellyer prayed for an order determining that, *inter alia*, decedent's property belonged to plaintiff, damages for its wrongful conversion and imposition of punitive damages for twice the value of the property wrongfully taken and converted. (*Id.*).

Following hearing on the Petition, which took place on December 14, 2009, the Probate Court issued its "Order on Petition for Order to Marshall Assets; Determine and Convey Title in Certain Property; and for Instructions, granting the relief requested in the Petition." (RJN, ¶2, Exh. B). On November 9, 2011, the probate court entered an "Amended Order on Petition to Clarify Name of Judgment Debtor" ("Amended Order"), whereby the Order entered on December 14, 2009 was amended and replaced. (RJN, ¶3, Exh. C). The Amended Order adjudges and clarifies that, among other things, double damages were awarded to Hellyer in the amount of $1,099,900 against Lynn Simon dba Zig Zag Bail Bonds, and interest on said damages was awarded in the amount of $30,653.30, as of December 14, 2009. (*Id.*).

Simon attempted to set aside and vacate the Probate Court's amended December 14, 2009 order, arguing that the proof of service relied upon by the court was fraudulent and that the court did not have the power to impose double damages against Simon (See RJN, ¶4, Exh. D; Rossmeissl Decl., ¶¶7-8). Hellyer filed a timely opposition. (Rossmeissl Decl., ¶8). On January 9, 2012, the matter came on for hearing before the Honorable Thomas Cain. (*Id.* at ¶9). At conclusion of the hearing, Judge Cain denied the verified petition to set aside and vacate the Probate Court's Order dated December 14, 2009. (*Id.*; *see also* RJN, ¶5, Exh. E).

After exhausting all avenues of relief in state court, Simon filed her voluntary petition under Chapter 7 of the Bankruptcy Code. Hellyer filed his Complaint for Judgment and for Determination of Nondischargeability of Debt on or about June 21, 2012. Simon filed her answer on or about August 7, 2012. (RJN, ¶12, Exh. L).

## III. ARGUMENT

### A. Hellyer is Entitled to Summary Judgment

Summary judgment may be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Bank of California v. Opie*, 663 F. 2d 977, 979 (9th Cir. 1981). A determination of whether evidence is sufficient to raise an issue of material fact is governed by federal law. *Id.* In this case, as is discussed below, Hellyer is entitled to an order granting summary judgment based on the judgment entered against Simon in the Probate Court.

### B. Collateral Estoppel May be Applied in This Adversary to Determine Nondischargeability of Debt

It is controlling law in the Ninth Circuit that "[p]rinciples of collateral estoppel apply to proceedings seeking exceptions from discharge brought under 11 U.S.C. §523(a). [Citation]. Under the Full Faith and Credit Act, 28 U.S.C. §1738, the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by preclusion law of the state in which the judgment was issued. [Citations]." *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001); *In re Baldwin*, 249 F. 3d 912, 917 (9th Cir. 2000).

Under California law, "collateral estoppel precludes relitigation of issues argued and decided in prior proceedings." *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990). Moreover, it is proper to give preclusive effect to default judgments. *In re Williams' Estate*, 36 Cal. 2d 289, 252 (1950); *In re Green*, 198 B.R. 564, 566 (9th Cir. BAP 1996).

Principles of collateral estoppel apply after certain threshold requirements are met, and then only if it furthers the public policies underlying the doctrine. *In re Green*, 198 B.R. at 566. It should also be noted that California probate courts are courts of general jurisdiction whose judgments have preclusive effect equal to that of any other branch of the California Superior Court.

Cal. Prob. Code §800; *see also Estate of Young*, 160 Cal.App.4th 62, 86 (2008).

There are four threshold requirements which Hellyer must establish to successfully assert collateral estoppel. First, the issue sought to be precluded must be identical to that previously decided. Second, the issue must have been actually litigated and necessarily decided in the prior proceeding. Fourth, the prior judgment or decision must be final. Fourth, the party against whom preclusion is sought must have been a party to the prior proceeding, or a privy of a party to the prior proceeding. *Lucido*, 51 Cal.3d at 341.

Collateral estoppel arising from the judgment entered in the Probate Court precludes Simon from relitigating the material factual issues that were raised in the state court pleadings and necessary to the underlying judgment. *See In re Moore*, 186 B.R. 962, 972 (Bankr. N.D. Cal. 1995). As discussed below, each threshold requirement is met here, and public policy considerations compel application of collateral estoppel.

### C. Summary Judgment is Appropriate Because the Previous Order Entered by the Probate Court Precludes Relitigation of Whether Simon's Actions, Which Inflicted Injury Giving Rise to the Debt, Were "Willful and Malicious" Under 11 U.S.C §523(a)(6)

Debts arising from "willful and malicious" injury by a debtor to another person are excepted from discharge under section 11 U.S.C. §523(a)(6). "For an injury to be willful, the debtor must have a 'subjective motive to inflict the injury or [a subject belief] that injury was substantially certain to occur as a result of her conduct.'" *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir. 2001). As established in *In re Su*, 290 F.3d 1140, 1143-1146 (9th Cir. 2002), "courts within the Ninth Circuit use a subjective approach in determining willfulness, i.e., they look to whether the debtor acted with the desire to injure or a belief that injury was substantially certain to occur." *In re Black*, BAP NV-12-1122-DJUKI, 2013 WL 646377, *7 (9th Cir. 2013)(quoting *Partow v. Turner (In re Partow)*, 2009 WL 7751420, at *6 (BAP 9th Cir. 2009). For an injury to be malicious it must have resulted from an intentional wrongful act that caused injury and was committed without just cause or excuse. *In re Jercich*, 238 F.3d at 1209. Proof of hate, spite or ill-will is not required. *Matter of Ormsby*, 591 F.3d 1199, 1207 (9th Cir. 2010).

Simon is precluded from relitigating the issue of whether she acted willfully and maliciously to injure Hellyer because she knowingly, intentionally and without excuse caused an unlawful foreclosure of the Property under an invalid deed of trust knowing that Hellyer's interests therein would be irreparably damaged, and converted proceeds from the unlawful sale despite demands for turnover of said funds. (Hellyer Decl., ¶7, Exh. A).

### 1. The issue sought to be precluded is identical

To sufficiently demonstrate that the issue to be precluded is identical a creditor need only have adequately alleged each necessary element under a §523(a) claim in the prior state court proceedings. *See In re Harmon*, 250 F. 3d at 1246 (to establish that a debt was nondischargeable under §523(a)(2)(A) a plaintiff need only have adequately alleged facts in his state court complaint which would satisfy the elements under §523(a)(2)(A)). The United States Supreme Court has previously decided that an act is covered by 11 U.S.C. §523(a)(6) if it was committed with "the actual intent to cause injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). This "actual intent" subsumes three elements: (1) willful conduct, (2) malice,[1] and (3) causation." *In re Butcher*, 200 B.R. 675, 680 (Bankr. C.D. Cal. 1996).

Thus, the issue is identical if Hellyer alleged Simon's willful and malicious act caused him injury—i.e., whether Simon acted with the desire to inflict injury or with knowledge that injury was likely occur from her foreclosure of Hellyer's property under a the power of sale in a deed of trust which she knew, at the time foreclosure proceedings were commenced, to be invalid.

Hellyer's petition alleges that Simon knowingly and intentionally caused him injury through her willful and volitional commencement and consummation of foreclosure proceedings under a knowingly invalid deed of trust, which resulted in permanent loss of real (and personal) property belonging to Hellyer (or the probate estate). (RJN, ¶1, Exh. A ¶¶2-20, lines 1:24-4:14). The petition further alleges that Simon converted proceeds from the wrongful sale and refused repeated demands by Hellyer to turn over the converted property. (*Id.* at ¶¶4-5, lines 2:12-17 and

---

[1] To satisfy the malice requirement a plaintiff, "merely has to show the debtor's actual knowledge or the reasonable foreseeability that [her] conduct will result in injury [and] that the [debtor's] act necessarily produced the harm." (internal citations and quotations omitted). *Id.*

1173889 5

¶19, lines 4:10-12; Hellyer Decl., ¶7).

Additionally, the tort of conversion requires that a defendant act intentionally in a way which is wrongful and interferes with or deprives another of his right or interest in property to their detriment. *See Fremont Indem. Co. v. Fremont General Corp.,* 148 Cal. App. 4th 97, 119 (2007). The award of the fair market value of the Property (i.e., $700,000) as of the time of sale is consistent with damages for Simon's commission of the intentional tort of conversion, (Cal. Civ. Code §3336; *Friedman v. Renz,* 31 Cal.App.2d 71, 73 (1939)), coupled with the imposition of double damages for Simon's "bad faith," is sufficient establish the necessary elements under §523(a)(6) and that Simon's conduct was willful and malicious. (*See* RJN, Exh. C, ¶¶1-3, 6; RJN, Exh. M).

Hellyer alleged in his state court petition the elements necessary to prevail on a cause of action under 11 U.S.C. §523(a)(6), and thus the issue sought to be precluded is identical.

### 2. The issue has been actually litigated and necessarily decided

Under California law, a default judgment is entitled to preclusive effect so long as it is both actually litigated and necessarily decided. *In re Harmon,* 250 F. 3d at 1248. For purposes of establishing collateral estoppel, an issue is deemed to have been *actually litigated* in a prior proceeding if it was properly raised, submitted for determination, and determined in that proceeding. *People v. Sims,* 32 Cal.3d 468, 484 (1982). However, an issue is only capable of being actually litigated when decided on default judgment if the defendant "has been personally served with summons or has actual knowledge of the existence of the litigation. *Id.* (quoting *In re Williams' Estate*, 26 Cal. 2d at 254).

As discussed above, the Probate Court rejected Simon's contention that she was never personally served or that the proof of service in that matter was fraudulent. (Rossmeissl Decl., ¶7-9, Exh. C). Simon cannot now relitigate that issue before this Court. (*See* RJN ¶12, Exh. L, ¶¶6-7). The proof of service in the probate proceeding, which was found to have been personally served on Simon herself, enables this Court to determine whether the issue was actually litigated. (Rossmeissl Decl., ¶9; RJN, ¶¶4-5, Exhs. D-E).

The issue of Simon's intent to injure Hellyer was actually litigated. Simon's intentional wrongful foreclosure under a knowingly invalid deed of trust and conversion of proceeds therefrom, is evidenced by, *inter alia*, her purposeful failure to provide notice of trustee's sale to Hellyer (Hellyer Decl., ¶¶3-6), her substitution of trustee in furtherance of the wrongful foreclosure (RJN, Exh. J), and her failure to turnover converted funds (Hellyer Decl., ¶7, Exh. A), which facts were alleged in Hellyer's petition (RJN, ¶1, Exh. A ¶¶2-20, lines 1:24-4:14 ); evidence was introduced and the matter was argued and submitted for decision on all the issues and allegations raised in Hellyer's petition (*see* RJN Exhs. A-C, M); and it was determined by a finding that title to the Property at the time of foreclosure was with Hellyer, a monetary damage award representing the fair market value of the Property at the time of sale and by an award of punitive double damages against Simon premised on her "bad faith" misconduct. (*See Id.*).

Whether an issue was necessarily decided is determined in either of two ways. First, the record from the previous proceeding shows an express finding upon the allegation for which preclusion is sought. *In re Harmon*, 250 F. 3d at p. 1247. Second, an express finding is unnecessary where the court in the prior proceeding necessarily decided the issue; in other words, that the judgment against Simon was not possible without also finding that she acted "willfully or maliciously." *Id*. at 1248.

A finding implicit to the Probate Court's judgment is that Simon intentionally caused injury to Hellyer. In order to award title to Hellyer, the Probate Court determined that Simon wrongfully foreclosed on the Property under the power of sale using an invalid deed of trust. (RJN Exhs. A-C, M.). Moreover, to award punitive double damages the Court was required to find "bad faith" stemming from Simon's purposeful failure to provide notice of trustee's sale to Hellyer and from foreclosing under a deed of trust she knew to be invalid and extinguished. *See* Cal. Prob. Code §859; RJN, ¶1, Exh. A ¶¶2-20, lines 1:24-4:14. A finding that an individual knowingly foreclosed under an invalid deed of trust and purposefully failed to provide required legal notice to the known owner of property adequately demonstrates both Simon's subjective motive to cause injury, her subjective belief that injury was certain to occur and an intent to cause injury to Hellyer by permanently depriving him of his interest in the Property.

In terms of the mechanics of its decision, the Probate Court made bifurcated findings. *See Estate of Young,* 160 Cal.App.4th at 89. First, under California Probate Code section 850(a)(2)(D) it had to determine whether Toshie Hellyer died having a claim or title to, or possession of, real property held by another. It made this finding and ordered that the Property belonged to Hellyer individually or in his capacity as the personal representative of the estate of Toshie Hellyer. (RJN, Exhs. B-C, M). It was then required to award money damages for the loss of said property, which it did amounting to the fair market value of the Property at time of sale ($700,000) plus interest from the date of sale, consistent with a remedy for the intentional tort of conversion. (Cal. Civ. Code §3336; *Friedman v. Renz,* 31 Cal.App.2d at 73. RJN ¶3, Exh. C; RJN ¶13, Exh. M; Rossmeissl Decl., ¶3; Hellyer Decl., ¶4). Second, it was required to independently find that the prerequisites were satisfied for imposition of double damages pursuant to California Probate Code section 859. *See Estate of Young,* 160 Cal.App.4th at 89.

Pursuant to California Probate Code section 859, a court may award double damages only if it finds "[t]hat a person has in *bad faith* wrongfully taken, concealed, or disposed of property belonging to the estate of a decedent . . . ." (emphasis added). While the Probate Code does not define the term "bad faith", *see* Cal. Prob. Code §§20-80, section 859 is considered a punitive measure and a "species of punitive damages". *In re Estate of Young,* 160 Cal.App.4th 62, 92 (2008).

Punitive damages under California law "[s]erve but one purpose- to punish and through punishment deter. Punitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter [her] and others from similar extreme conduct." *Id.* at 88 (internal quotations omitted). It should be noted that the Ninth Circuit has stated "punitive damages are subject to findings of nondischargeability pursuant to section 523(a)(6)." *Britton v. Price,* 950 F.2d 602, 606 (9th Cir. BAP 1991). Because the Probate Court awarded punitive damages against Simon, this necessarily establishes that Simon's conduct was intentional and/or malicious.

The Ninth Circuit in *In re Baldwin* gave collateral estoppel effect to a state court default judgment on the issue of whether the debtor acted with intent to injure under 11 U.S.C §523(a)(6).

The Court applied collateral estoppel even though the default judgment made no explicit findings; instead it focused on the nature of the creditor's claim. *Id.* at 919. Here, the nature of Hellyer's claim is that Simon intentionally and in bad faith foreclosed on the Property, purposefully failing to give required legal notice, under a knowingly invalid deed of trust; his request for double damages under Probate Code section 859 was premised upon the same facts. The Probate Court necessarily decided that Simon's conduct was willful, malicious and in bad faith.

Accordingly, the issue of whether Simon acted "willfully and maliciously" to injure Hellyer under 11 U.S.C. §523(a)(6) has been actually litigated and necessarily decided by the Probate Court.

### 3. The prior judgment is final and Simon was a party to the probate proceeding

Under California law, a judgment is only final if two elements are present. First, the judgment must be on the merits in the underlying action. *Producers Dairy Delivery Co. v. Sentry Ins. Co.*, 41 Cal.3d 903, 910, 226 Cal.Rptr. 558 (1986). Notably, a final determination on the merits need not be in the form of "judgment." A motion or order that determines issues of fact or law is sufficient. *See People v. Howie*, 41 Cal.App.4th 729, 736 (1995); Cal. Code Civ. Proc. §577. Second, the judgment must no longer be subject to direct attack, i.e., by appeal. *Lumpkin v. Jordan*, 49 Cal.App.4th 1223, 1231, fn. 5 (1996). Both elements are present here.

As to the first element, California law makes clear that a default judgment is entitled to collateral estoppel effect and does constitute "judgment on the merits." *In re Green*, 198 B.R. at 566. The Probate Court's December 14, 2009 Order and subsequent amendments qualify as "judgment on the merits."

As to the second element, the Probate Court, on or about December 14, 2009, entered the first Order against Zig Zag Bail Bonds and Reliable Trust Deed Services. (RJN, ¶2, Exh. B). On or about November 9, 2011, the Probate Court entered the second and amended order, correcting the name of judgment debtor to "Lynn Simon dba Zig Zag Bail Bonds". (RJN, ¶3, Exh. C). As mentioned previously, Simon attempted to vacate this order and was unsuccessful. (Rossmeissl Decl., ¶¶7-8). The time to appeal either order has long run. Cal. Ct. R. 8.104(a)(1).

Also, it is undisputed that Simon was a party to the probate proceeding. Zig Zag Bail Bonds is Simon's sole proprietorship business and her alter ego, and she was found to have accepted personal service of the probate petition. (Rossmeissl Decl., ¶¶7-9). Moreover, the November 9, 2011 amended order made Simon a judgment debtor in her individual capacity. (RJN, ¶3, Exh. C; RJN, Exh. M).

In sum, Simon is precluded from relitigating the issue of whether she willfully and maliciously injured Hellyer under 11 U.S.C. §523(a)(6). As a matter of law, Hellyer is entitled to a judgment determining that the debt owed to him by Simon is nondischargeable.

### D. Application of the Principles of Collateral Estoppel to the Case at Bar Furthers the Public Policy Considerations Underlying the Doctrine and is Sound Judicial Policy

The California Supreme Court identified three primary policies under the doctrine of collateral estoppel: "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *Lucido*, 51 Cal.3d at 343. The Probate Court was not only fully capable of determining whether Simon's actions were sufficiently egregious so as to warrant application of punitive damages under California Probate Code section 859, it necessarily made this finding. The public's confidence could be undermined should this Court decide to relitigate that issue. *See In re Baldwin*, 249 F. 3d at 920. Moreover, the Ninth Circuit acknowledges that relitigation in bankruptcy of issues previously decided in the state court conflicts with the principle of federalism underlying the Full Faith and Credit Act. *Id.*

Judicial economy is obviously promoted by application of collateral estoppel here because no further hearings, would be necessary.

Lastly, application of collateral estoppel would protect Hellyer from further needless litigation on issues previously decided. Simon had a full and fair opportunity to litigate all issues presented herein during the probate proceeding. She personally accepted service of process and failed to appear at the probate proceedings until after an order was entered. (Rossmeissl Decl., ¶¶7-9, Exhs. C-E; See RJN, ¶4, Exh. D). The Probate Court rejected her claims that she did not receive personal service and that the proof of service was fraudulent. (*Id.*). It further refused her

arguments that the foreclosure was made under a valid deed of trust according to an alleged oral agreement with the deceased, which itself was found to be invalid under the statute of frauds. (*Id.*). In her answer to the operative complaint, Simon re-asserts these same arguments. (See RJN, ¶12, Exh. L). Hellyer should not be forced to relitigate these issues which have been finally decided by the Probate Court.

Accordingly, application of collateral estoppel by this Court is both sound judicial policy and in furtherance of public policy considerations underlying the doctrine.

## IV. CONCLUSION

Based on the facts and argument set forth above, plaintiff Randolph John T. Hellyer, as executor to the Estate of Toshie Hellyer, respectfully requests that this Court enter an order granting summary judgment on his claim for determination of nondischargeability of debt pursuant to 11 U.S.C. §523(a)(6).

Dated: March 13, 2013  TERRA LAW LLP

By: /s/ Breck E. Milde
Breck E. Milde
Attorneys for Plaintiff
Randolph John T. Helllyer